**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Mark McDougal, OSB #890869**
mcdougal@kafourymcdougal.com
**Jason Kafoury, OSB #091200**
jkafoury@kafourymcdougal.com
KAFOURY & MCDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax: 503-224-2673
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CANDICE LOGAN, an individual, and SHANNON HEIDELBERG, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WALMART INC., a Delaware corporation, and JANE DOE, an individual, <br><br> Defendants. | Case No. 3:20-cv-01617 <br><br> **PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447 REQUEST FOR ORAL ARGUMENT** |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, the undersigned certifies that counsel for plaintiffs conferred with counsel for defendants. The parties made a good faith effort through an exchange of several communications today to resolve the dispute, but have been unable to do so.

**Page 1 – MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447**

## MOTION

Plaintiffs hereby move the Court for an order remanding this case to the Circuit Court of Multnomah County, Oregon pursuant to 28 U.S.C. § 1447 and requiring payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.

## ARGUMENT

Defendant seeks removal on the grounds that plaintiffs could seek more than $75,000 in damages. It is plain from Plaintiffs' Complaint that Plaintiffs have not sought more than $75,000 in damages. Plaintiffs' prayer does not include a request for attorney fees. The fact that the law allows Plaintiffs to request a category of damages does not mean the Plaintiffs must seek those damages. Furthermore, Defendant's stated grounds for removal treats $55,000 as the non-economic damages amount counted toward the amount in controversy for diversity jurisdiction purposes. This is incorrect. This case involves two plaintiffs claiming $27,500 each. Combining these claims to count toward the amount in controversy violates the anti-aggregation rule for plaintiffs who could have brought their individual claims separately, as Plaintiffs here could have chosen to do. See *Sturdevant v. 24 Hour Fitness USA, Inc.*, No. 3:16-CV-2119-AC, 2017 WL 359175, at *2 (D. Or. Jan. 23, 2017).

Defendant seems to believe that the mere possibility that Plaintiffs could later amend their complaint to increase the amount of damages sought gives rise to a right of removal under diversity jurisdiction. This is an absurdity. Were that true, nearly all potential diversity complaints filed in the circuit courts of Oregon could be removed on diversity no matter the size of the prayer, because the rules of civil procedure do not prohibit the amending of a complaint to increase the amount of damages sought as the case develops. If Plaintiffs in the future amend their complaint to increase the amount of damages to a number above $75,000, that would be the time for defendant to seek removal, not now.

Moreover, Plaintiffs have every reason to believe that Jane Doe, who is employed at a Walmart store located in Oregon, resides in Oregon. Discovery on that matter is ongoing.

## POINTS AND AUTHORITIES

"[T]he burden of proof remains with the defendant to come forward with 'summary judgment' style evidence to support its fee calculation. See id. at 795 ("[W]e require a removing defendant to prove that the amount in controversy (including attorney's fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence[.]"). *Penhale v. Allstream Bus. US, LLC*, No. 3:18-CV-02024-SB, 2019 WL 6314217, at *2 (D. Or. June 21, 2019), report and recommendation adopted, No. 3:18-CV-02024-SB, 2019 WL 6311984 (D. Or. Nov. 25, 2019) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018)).

Each Plaintiffs' non-economic damages claim is only $27,500. Defendant has not even made an effort to show why a hypothetical attorney fee award – which, it bears reiterating, Plaintiffs have *not claimed* – would necessarily or even probably exceed $47,500 per plaintiff. "[A]lthough *Fritsch* declined to adopt a per se percentage of recovery benchmark for estimating future attorney's fees, such as twenty-five percent of recovery, some courts continue to use twenty-five percent as a guidepost to estimate reasonable attorney's fees." *Penhale* at *3 (internal citations omitted). Twenty-five percent hypothetical attorney fees added to Plaintiffs' present claims would not bring the amount in controversy above $75,000.

Prior to *Fritsch,* the Oregon District Court did not allow attorney fees anticipated but unaccrued at the time of removal to be considered in calculating the amount in controversy. *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1020 (D. Or. 2012). It bears noting that all the cases cited herein are cases in which the operative complaint at the time of removal included a claim for attorney fees. *Reames* at 1014; *Fritsch* at 790; *Penhale* at *1. *Fritsch* was a class action, and thus virtually impossible to bring without including a claim for attorney fees. Plaintiff is aware of no case since *Fritsch* that applies the holding to a complaint that, at the time of removal, did not include any claim for attorney fees.

Lastly, *Fritsch* did not disturb the part of the *Reames* decision holding that possible future amendments to a claim should not be included in calculating the amount in controversy:

"Defendants alternatively argue that Reames is likely to amend his complaint to increase his damages prayer, on the grounds that he has expressly reserved the right to do so in his complaint and that his counsel has done so in the past. The possibility that Reames may at some later date augment his prayer for damages is without consequence to the analysis this court is called upon to perform. As of the present date, Reames has not so augmented his damages prayer. In the event Reames amends his complaint to seek additional money damages within one year of the date he first filed his complaint, defendants may seek removal at that time, and if Reames did so more than one year after filing his complaint, defendants could argue that the one-year limitation period applicable to removal should be tolled, in the event the facts supported the argument that Reames' original prayer for money damages was made in bad faith."

*Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1023–24 (D. Or. 2012).

## CONCLUSION

Based on the foregoing, this case must be remanded to the Circuit Court of Multnomah County, Oregon.

Dated this October 16, 2020.

      */s/ Gregory Kafoury*
**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Mark McDougal, OSB #890869**
mcdougal@kafourymcdougal.com
**Jason Kafoury, OSB #091200**
jkafoury@kafourymcdougal.com
KAFOURY & MCDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax: 503-224-2673

# CERTIFICATE OF SERVICE

I certify that on October 16, 2020, I served or caused to be served a true and complete copy of the foregoing **MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447** on the party or parties listed below as follows:

- Via CM / ECF Filing

    John R. Barhoum, OSB #045150
    John.barhoum@chockbarhoum.com
    Jessica Lancaster, OSB #134151
    Jessica.lancaster@chockbarhoum.com
    Chock Barhoum LLP
    121 SW Morrison Street, Suite 500
    Portland, OR 97204
    Telephone: (503) 223-3000
    Facsimile: (503) 954-3321

*/s/ Gregory Kafoury*
**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Mark McDougal, OSB #890869**
mcdougal@kafourymcdougal.com
**Jason Kafoury, OSB #091200**
jkafoury@kafourymcdougal.com
KAFOURY & MCDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax: 503-224-2673
Attorneys for Plaintiffs