# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CANDACE LOGAN** and **SHANNON HEIDELBERG**, | Case No. 3:20-cv-1617-SI |
| Plaintiffs, | **OPINION AND ORDER GRANTING MOTION TO REMAND** |
| v. | |
| **WALMART, INC.** and **JANE DOE**, | |
| Defendants. | |

Gregory Kafoury, Mark G. McDougal, and Jason L. Kafoury, KAFOURY & MCDOUGAL, 411 SW Second Avenue, Suite 200, Portland, Oregon 97204. Of Attorneys for Plaintiffs.

John R. Barhoum and Jessica L. Lancaster, CHOCK BARHOUM LLP, 121 SW Morrison Street, Suite 500, Portland, Oregon 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Candace Logan and Shannon Heidelberg (collectively, Plaintiffs) sued Walmart, Inc.

(Walmart) and fictitious defendant "Jane Doe" in Multnomah County Circuit Court. Walmart

timely removed the lawsuit to this Court on the basis of diversity jurisdiction. Plaintiffs timely

filed a motion to remand. For the reasons stated below, the Court grants Plaintiffs' motion to

remand.

**STANDARDS**

A civil action generally may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

When removal is based on diversity jurisdiction, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). If the case as stated in the four corners of the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447; *see also Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party seeking removal bears the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas*, 553 F.3d at 1244. "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-*

*Thomas*, 553 F.3d at 1244); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting the "strong presumption" against removal jurisdiction).

## BACKGROUND

Plaintiffs are each African American. They allege that they were shopping as customers at a Walmart store when they were followed to their car, told by a Walmart employee that the police had been called, and directed by that employee to return to the store, where they were detained. Based on these facts, Plaintiffs sued Walmart in Multnomah County Circuit Court, alleging two claims under state law. Plaintiffs' first claim alleges false arrest, in violation of Oregon common law. For this claim, Plaintiffs seek noneconomic damages of $13,750 each, which they assert is "for jurisdictional purposes only." Plaintiffs' second claim alleges discrimination in a place of public accommodation, in violation of Or. Rev. Stat. § 659A.400, *et. seq*. For this claim, Plaintiffs also seek noneconomic damages of $13,750 each, which they also assert is "for jurisdictional purposes only." Plaintiffs' prayer requests judgment in the amount of $27,500 in noneconomic damages *for each Plaintiff*, plus costs and disbursements. Plaintiffs' Complaint does not include a request for attorney's fees, although they would be entitled to recover attorney's fees if they were to prevail on their statutory claim for discrimination.

## DISCUSSION

Plaintiffs argue that Walmart failed to meet its burden of showing an amount in controversy in excess of $75,000. First, Plaintiffs assert that this case involves two Plaintiffs claiming $27,500 each and that those sums may not be aggregated for purposes of satisfying the amount in controversy requirement. Instead, argue Plaintiffs, the damages sought by each Plaintiff must be considered separately for purposes of determining whether the amount in controversy requirement has been met for each Plaintiff. Second, Plaintiffs maintain that they have not requested attorney's fees, even though the law would allow them to recover attorney's

fees on their statutory claims if successful. Thus, argue Plaintiffs, Walmart should not be able to include any hypothetical amount of prevailing plaintiff attorney's fees for purposes of determining whether the amount in controversy requirement has been met.[1]

Walmart responds that Plaintiffs collectively seek a total of $55,000 in noneconomic damages ($27,500 per Plaintiff) and that the collective total should be counted toward the requirement that the amount in controversy be in excess of $75,000. Walmart adds that under Or. Rev. Stat. § 659A.885(8)(d), if Plaintiffs prevail on their Oregon statutory claims, Walmart would have exposure for Plaintiffs' attorney's fees, in addition to the noneconomic damages sought by each Plaintiff. Walmart argues that this likely bring the total to an amount in excess of $75,000. Walmart did not explicitly respond to Plaintiffs' argument that Walmart needed to show an amount in controversy in excess of $75,000 for *each* Plaintiff, not for the two Plaintiffs collectively.

When several plaintiffs bring separate and distinct claims, the "anti-aggregation rule" requires a federal court to determine the amount in controversy by analyzing the value of each plaintiff's claim separately, without aggregating the claims brought by any other plaintiff. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). Aggregation of damages among multiple plaintiffs is permissible only when multiple plaintiffs assert "common and undivided" claims held as a group. *See Sturdevant v. 24 Hour Fitness USA, Inc.*, 2017 WL 359175, at *2 (D. Or. Jan. 23, 2017) (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th

---

[1] Plaintiffs also argue that they have "every reason to believe" that fictitious defendant Jane Doe "resides" in Oregon. If Plaintiffs had alleged that a named defendant is a *citizen* of Oregon, that would defeat diversity jurisdiction. Plaintiffs, however, have not alleged that, and a federal court must disregard fictitious defendants for purposes of considering diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Cir. 2001)). A claim is common and undivided when the plaintiffs cannot bring their claims independently of each other. *Id.*

Here, although Plaintiffs allege a common nucleus of facts, nothing except efficiency prevents each Plaintiff from bringing her own lawsuit independently from the other Plaintiff. Plaintiffs are not enforcing rights they hold in "group status." *Urbino*, 726 F.3d at 1122. Thus, the damages alleged by each Plaintiff ($27,500 per Plaintiff) must be considered separately and may not be aggregated with another Plaintiff's damages.

Because $55,000 is less than $75,000, Walmart includes future attorney's fees in its calculation of the amount in controversy. Walmart asserts without explanation in its Notice of Removal that at least $20,000 in total attorney's fees will accrue. According to Walmart, $55,000 in combined aggregate damages plus $20,000 in likely attorney's fees total $75,000 for both Plaintiffs in the aggregate. But this violates the anti-aggregation rule.

In their motion to remand, Plaintiffs also argue that they have not requested attorney's fees in their Complaint and therefore the Court may not include any hypothetical future attorney's fees not yet requested when determining whether the amount in controversy has been satisfied. The Court need not resolve this specific issue because Plaintiffs also argue that even if they had asserted a claim for attorney's fees, Walmart has not shown an amount of likely future attorney's fees sufficient to satisfy the amount in controversy requirement for each Plaintiff individually.

Walmart responds to Plaintiffs' motion to remand by asserting that *if* Plaintiffs' counsel were to work more than 118 hours on *each* Plaintiff's case and billed an average of $400 per hour, then future attorney's fees plus noneconomic damages of $27,500 per Plaintiff would exceed $75,000 per Plaintiff. Walmart argues that based on a past awards in similar cases, it is

likely that the total fees will meet the minimum amount in controversy here, even considering each Plaintiff separately.

Walmart also argues that Oregon's discrimination statute mandates an award of attorney's fees to a prevailing plaintiff. Or. Rev. Stat. § 659A.885(8)(d) ("The court shall award reasonable attorney fees to a prevailing plaintiff."); *see Murphy v. Smith*, 138 S. Ct. 784, 787 (2018) (stating, when interpreting a statute, that "the word 'shall' usually creates a mandate, not a liberty"). Plaintiffs, however, can waive their right to right to recover any attorney's fees or even agree to limit (or cap) them to avoid the federal jurisdictional amount. But Plaintiffs have not done that here. They merely are silent in their Complaint. It would be inappropriate gamesmanship if a plaintiff otherwise entitled to recover attorney's fees could avoid removal simply by not requesting attorney's fees in an original complaint. The conclusion might be different if a plaintiff expressly disclaimed or limited a future right to recover fees, but as noted that is not the situation here.

When a plaintiff expressly requests attorney's fees in a complaint, the Ninth Circuit allows such future attorney's fees to be included in determining whether the amount in controversy requirement has been satisfied. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794-95 (9th Cir. 2018). Even if that had been done here, that would not be the end of the analysis. A removing defendant would still have the burden of proving the amount in controversy, including attorney's fees, by a preponderance of the evidence. *Id.* This must be accomplished with "summary-judgment-type evidence," and a district court should reject the inclusion of future attorney's fees in determining the amount in controversy if the removing defendant does not meet this burden. *Id.*

Even if the Court includes Plaintiffs' likely future award of attorney's fees in determining the amount in controversy here, Walmart has not presented sufficient evidence to support diversity jurisdiction. As noted, Walmart appears to concede that each Plaintiff must be awarded more than $47,500 in attorney's fees to satisfy the amount in controversy requirement. Walmart also discusses a 2016 attorney's fee award in which the most senior attorney representing Plaintiffs in this case (Gregory Kafoury) was awarded $400 per hour. *Cleavenger v. Univ. of Oregon*, 2016 WL 1065821, at *3 (D. Or. Mar 16, 2016). Walmart, however, ignores the existence of the two other attorneys in this case, whose hourly rates may be less than $400.

Moreover significantly, Walmart does not present any argument or evidence (such as expert testimony) showing that it is more likely than not that Plaintiffs' attorneys will expend and be awarded fees in excess of $47,500 per Plaintiff in this case. Walmart has not presented *any* evidence, let alone summary judgment-like evidence, to meet its burden. As the removing party, Walmart has the burden to prove the amount in controversy, and any reasonable doubts about the validity of removal must be resolved in favor of remand. In short, Walmart has not met its burden.

## CONCLUSION

Plaintiffs' motion to remand (ECF 9) is GRANTED. This case is REMANDED to the Circuit Court of the State of Oregon for the County of Multnomah. The Clerk of the Court is directed to send the files in this case to the Clerk of the Multnomah County Circuit Court.

**IT IS SO ORDERED**.

DATED this 25th day of November, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge